**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | | |
|---|---|---|
| JACQUELINE PIERRO, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. |
| v. | ) ) | JURY DEMANDED |
| THE CARLE FOUNDATION HOSPITAL, | ) ) ) | |
| Defendant. | ) | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff, Jacqueline Pierro, individually and on behalf of all other persons similarly situated, known and unknown, through her attorneys, complains against Defendant The Carle Foundation Hospital ("Carle" or "Defendant"), as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1.    This is a collective and class action for unpaid overtime and regular wages brought by hourly paid employees under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* ("IWPCA").

2.    This case arises from Defendant's failure to pay Plaintiff and other similarly situated hourly employees all earned regular and overtime pay for all time worked.

3.    Carle operates, owns and controls hospitals and health care facilities in Illinois.

4.    Carle has a wage and hour policy and practice that rounds Plaintiff's and similarly situated hourly employees' clock in and clock out times to the advantage of Carle and to the detriment of Plaintiff and all other similarly situated hourly employees.

5.    Carle's time clock rounding policies and practices violate the FLSA, IMWL and

IWPCA and result in the underpayment of overtime and regular wages.

6.    Carle's wage violations will be shown from, among other things, a comparison of the face of Defendant's pay stubs to employees and Defendant's own time records for those same employees.

7.    Carle's rounding practices are perfectly suitable to collective and class action treatment.

8.    Plaintiff brings her FLSA overtime claims as a collective action pursuant to 29 U.S.C. 216(b) on behalf of hourly employees who worked for Defendant in Illinois.  Plaintiff brings her IMWL overtime claims and IWPCA unpaid wage claims as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Illinois hourly employees.

**JURISDICTION AND VENUE**

9.    This Court has original jurisdiction over Plaintiff's FLSA claims in this action under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

10.   This Court has supplemental jurisdiction over all class claims in this action under 28 U.S.C. § 1367.

**THE PARTIES**

11.   Plaintiff Jacqueline Pierro is an individual who Defendant employed from approximately August 21, 2017 to August 2020 as an hourly, non-exempt Medical Assistant. A copy of Plaintiff's FLSA consent form is attached hereto as Exhibit 1.

12.   Plaintiff Pierro worked in a health care facility operated and owned by Carle located at 509 W. University Avenue, Urbana, Illinois 61801.

13.   Plaintiff Pierro resides in and is domiciled within this judicial district.

14.   Defendant is an Illinois corporation.

2

15.     Defendant is a vertically integrated healthcare system.

16.     Defendant has more than 16,000 employees.

17.     Defendant does business under various names including Carle Cancer Center, Carle Danville Surgery Center, Carle Foundation Hospital Pharmacy, Carle BroMenn Medical Center, Carle Health Methodist Hospital, Carle Health Proctor Hospital and Carle Foundation Hospital.

18.     Defendant employed Plaintiff and other similarly situated persons as "employees," as that term is defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e), Section 3(d) of the IMWL, 820 ILCS § 105/3(d), and Section 2 of the IWPCA, 820 ILCS § 115/2.

19.     At all relevant times, Defendant was an "employer" of Plaintiff and other similarly situated persons, as that term is defined by Section 3(d) of the FLSA, 29 U.S.C. § 203(d), Section 3(c) of the IMWL, 820 ILCS § 105/3(c), and Section 2 of the IWPCA, 820 ILCS § 115/2.

## FACTUAL ALLEGATIONS

*A.*     *Carle's Rounding Policy and Practice*

20.     Carle utilizes Kronos as a timekeeping system for its hourly employees.

21.     When a Carle hourly employee punches in or out for work at any location, Carle collects, tracks, monitors, sorts and maintains their clock in and clock out times.

22.     Carle collects, tracks, monitors, sorts and maintains the clock in and clock out times of Carle hourly employees regardless of where the hourly employee works.

23.     Carle configured its timekeeping system to round the clock in and clock out times of Carle's hourly employees.

24.     Specifically, Carle configured its timekeeping system to round the clock in and clock out times for hourly employees when they clock in within seven minutes of their scheduled shift time.

3

25.     When the employee clocks in or out within seven minutes of their scheduled start time, Carle pays its hourly employees based on the rounded time, not the actual and complete punch times.

26.     Under Carle's rounding policy (the "Rounding Policy"), which applied to all non-exempt hourly employees, when an employee clocks in within seven minutes before their scheduled start time, Carle calculates the time work started for purposes of paying wages by rounding the clock in time to the employee's scheduled start of work time.

27.     Under Carle Rounding Policy, when an employee clocks out within seven (7) minutes after their scheduled end time, Carle calculates the time work ended for purposes of paying wages by rounding the clock out time to the employee's scheduled end of work time.

28.     For example, if Carle schedules an hourly employee to start work at 9:00 a.m. and the employee clocks in to work at 8:55 a.m., Carle, consistent with its Rounding Policy, rounds away and does not pay the employee for the five minutes worked from 8:55 a.m. to 9:00 a.m.

29.     If Carle schedules an hourly employee to stop work at 5:00 p.m. and the employee clocks out of work at 5:06 p.m., Carle, consistent with the Rounding Policy, rounds away and does not pay the employee for the six (6) minutes worked from 5:00 p.m. to 5:06 p.m.

30.     Carle, consistent with its Rounding Policy, rounds away and does not pay employees for time recorded as worked where that time is seven minutes or less before a scheduled work start time.

31.     Carle, consistent with the Rounding Policy, rounds away and does not pay employees for time recorded as worked where that time is seven minutes or less after a scheduled work end time.

32.     The following examples illustrate the Rounding Policy as applied to the clock in times at the beginning of an employee's shift:

| Scheduled Start Time | Actual Time Clocked In | Time That Paycheck Will Say Employee Clocked In (i.e., Rounded Time) |
|---|---|---|
| 8:00 a.m. | 7:53 a.m. | 8:00 a.m. |
| 8:00 a.m. | 7:55 a.m. | 8:00 a.m. |
| 8:00 a.m. | 7:56 a.m. | 8:00 a.m. |
| 8:00 a.m. | 7:57 a.m. | 8:00 a.m. |
| 8:00 a.m. | 7:54 a.m. | 8:00 a.m. |

33.     The following examples illustrate the Rounding Policy as applied to the clock out times at the at the end of an employee's shift:

| Scheduled End Time | Actual Time Clocked Out | Time That Paycheck Will Say Employee Clocked Out (i.e., Rounded Time) |
|---|---|---|
| 6:00 p.m. | 6:03 p.m. | 6:00 p.m. |
| 6:00 p.m. | 6:07 p.m. | 6:00 p.m. |
| 6:00 p.m. | 6:04 p.m. | 6:00 p.m. |
| 6:00 p.m. | 6:06 p.m. | 6:00 p.m. |
| 6:00 p.m. | 6:05 p.m. | 6:00 p.m. |

34.     Plaintiff and the putative class and collective performed compensable work activities while "on the clock" and during the time that Carle rounded away pursuant to its Rounding Policy.

35.     Under Defendant's Rounding Policy, Defendant systematically rounds time off both ends of its hourly employees' work shift to the advantage of Carle and to the financial harm and underpayment of its hourly employees.

36.     As a direct consequence of the Rounding Policy, Carle has been systematically underpaying its hourly employees significant sums of wages.

37.     The Rounding Policy results in Carle failing to pay hourly employees accurately and fairly over time, to Carle's financial gain and the hourly employees' financial detriment.

38.     The aggregate sum of unpaid wages for all employees based upon the Rounding Policy is substantial on a daily, weekly, and an annual basis.  This is particularly so because Defendant employed thousands of hourly employees during the applicable statutory recovery periods.

39.     If Carle paid its hourly employees on a continuous workday basis – paid from actual punch time in to actual punch time out – its hourly employees would be paid more wages.

40.     Additionally, Carle has personnel and disciplinary policies that further ensure that the Rounding Policy will work to Carle's advantage and its hourly employees' detriment.  For example, Defendant's tardiness and punctuality policies and practices do not allow hourly employees to freely or frequently be tardy or late to work.

41.     Under Defendant's tardiness and punctuality policies, hourly employees who are tardy may be subject to discipline up to and including termination.

42.     The Plaintiff and similarly situated hourly employees generally begin working before the start of their scheduled shift time, as opposed to after their scheduled start time.

43.     Under Defendant's policies and practices, once an hourly employee clocks into work, they are considered by Carle to be "on the clock" and should be working.

44.     Carle does not train its hourly workers that in instances where the Rounding Policy applies Carle will pay them as if they had clocked in at their scheduled start time as long as they clocked in within seven minutes after their scheduled start time.

45.     Carle does not discipline its hourly workers who clock in seven minutes or less before their scheduled start time.

**B.     *Defendant's Rounding Rules Are Applied to All Hourly Employees***

46.     At all relevant times, Defendant has utilized a common time and attendance system for its hourly employees.

47.     Regardless of which location or building where the hourly employees work, their clock in and clock out times are processed, adjusted, maintained and kept in a common timekeeping system that is Defendant's enterprise-wide timekeeping system.

48.     At all relevant times, Defendant's timekeeping system had rounding rules that Defendant applied to its hourly employees' clock in and clock out times.

49.     At all relevant times, Defendant's timekeeping system rounded the clock in and clock out times of its hourly employees, regardless of which location or building the hourly employees worked.

50.     At all relevant times, there has been no category of hourly employees whose clock in and clock out times were not subject to Defendant's rounding policies and practices described herein.

51.     Defendant's payroll department uses the rounded clock in and clock out times to calculate the payroll and compensation for Defendant's hourly employees, regardless of where an employee works or the job duties they perform.

52.     On information and belief, prior to the filing of this lawsuit, Defendant did not at any time audit or investigate its rounding policies and practices to determine if its rounding policies and practices are fair and equitable to its employees.

53.     On information and belief, prior to the filing of this lawsuit, Defendant did not at any time audit or investigate its rounding policies and practices to determine if its rounding policies and practices unfairly benefit Defendant to the employees' detriment over a period of time,

whether that period of time is, for example, one month, three months, six months, 12 months or longer.

54.    On information and belief, at no time prior to the filing of this lawsuit has Defendant undertaken a review of any meaningful type to assess whether its rounding policies and practices unfairly deprive its hourly employees of wages and compensation.

### E.    Defendant Knew of and Assented to the Unpaid Work

55.    Defendant's policy and practice requires and/or permits employees to work once they have clocked in and are "on the clock."

56.    Through its own rounding policies and practices and its own attendance and punctuality policies and practices, Defendant knew and was aware that its hourly employees performed work activities after they clocked in and were "on the clock."

57.    Defendant knowingly required Plaintiff and other similarly situated individuals to perform unpaid work once they clocked in and were "on the clock."

58.    Indeed, Defendant generally does not allow its employees to clock in and be "on the clock" but not work.

59.    By knowing of, permitting and/or requiring Plaintiff and similarly situated hourly employees to perform work activities once they clocked in and were "on the clock", Defendant assented to them performing the work that is ultimately rounded away under its rounding policies and practices.

### COLLECTIVE ACTION ALLEGATIONS

60.    Plaintiff brings Count I of this Complaint as an FLSA, Section 216(b) collective action on behalf of herself and all other current and former hourly employees of Defendant whose clock in and clock out times were rounded as described herein.

61.     Plaintiff's Counsel seek to send notice of this lawsuit to the following described persons:

> All persons who worked for Defendant as hourly employees in Illinois at any time during the three years preceding the filing of this lawsuit and whose clock in and clock out times were rounded to their detriment (the "FLSA collective").

62.     Plaintiff and the other employees are similarly situated to one another because they are hourly employees whose clock in and clock out times were all subject to Defendant's Rounding Policy.

63.     Plaintiff and the other hourly employees are similar because Defendant did not pay them for all time they actually worked.

64.     Plaintiff and the other hourly employees are similar because Defendant did not pay them for the work time that Defendant rounded away under its Rounding Policy.

65.     There are questions of law or fact common to the employees described in paragraph 61.

66.     Plaintiff is similarly situated to the employees described in paragraph 61, as Plaintiff's claims are typical of the claims of those persons.

67.     Plaintiff's claims or defenses are typical of the claims or defenses of the persons described in paragraph 61.

68.     This is not a collusive or friendly action.  Plaintiff have retained counsel experienced in complex employment litigation, and Plaintiff and her counsel will fairly and adequately protect the interests of the persons described in paragraph 61.

69.     A collective action is the most appropriate method for the fair and efficient resolution of the matters alleged in Count I.

70.     At all relevant times, Defendant employed Plaintiff and the persons described in

paragraph 61.

## CLASS ACTION ALLEGATIONS

71. Plaintiff brings Count II and Count III as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all other current and former hourly employees of Defendant who Defendant required to perform the work described herein without pay.

72. With respect to Plaintiff's IMWL claims, Plaintiff seeks to represent a class that is comprised of and defined as:

> All persons who worked for Defendant as hourly employees in Illinois at any time during the three years preceding the filing of this lawsuit and whose clock in and clock out times were rounded to their detriment (the "IMWL Class").

73. With respect to Plaintiff's IWPCA claims, Plaintiff seeks to represent a class that is comprised of and defined as:

> All persons who worked for Defendant as hourly employees in Illinois during the ten years preceding the filing of this lawsuit and whose hourly rate exceeded the applicable Illinois minimum wage and who did not receive the full amount of wages earned and owed to them (herein the "IWPCA Class").

74. This action is being brought as a class action pursuant to Fed. R. Civ. P. 23, because the IMWL Class and IWPCA Class are so numerous that joinder of all class members is impracticable.

75. Plaintiff and the other employees are similarly situated to one another because they were all subject to the Rounding Policy.

76. Plaintiff and the other employees are similar because Defendant did not pay them for all time they actually worked.

77. Plaintiff and the other employees are similar because Defendant did not pay them for the work time that Defendant rounded away under the Rounding Policy.

78. Plaintiff and the members of the IMWL Class and IWPCA Class have been detrimentally affected by the Rounding Policy.

79.    Plaintiff and the members of the IMWL Class and IWPCA Class have been detrimentally affected by Defendant's failure to pay all earned wages to Plaintiff and the class members.

80.    Furthermore, members of the IMWL Class and IWPCA Class still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

81.    The issues involved in this lawsuit present common questions of law and fact; these common questions of law and fact predominate over the variations that may exist between members of the IMWL Class and IWPCA Class, if any.

82.    Plaintiff and the members of the IMWL Class and IWPCA Class, as well as Defendant, have a commonality of interest in the subject matter and the remedy sought.

83.    Plaintiff is able to fairly and adequately represent and protect the interests of the members of the IMWL Class and IWPCA Class.

84.    If individual actions were required to be brought by each member of the Classes injured or affected, the result would be a multiplicity of actions, creating a hardship to the members of the IMWL Class and IWPCA Class, to the Court, and to Defendant.  Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

85.    Plaintiff has retained counsel experienced in complex employment litigation and in class action litigation.  Plaintiff's Counsel are competent and experienced in litigating large wage and hour and other employment class actions.

86.    Plaintiff and her counsel will fairly and adequately protect the interests of the IMWL Class and the IWPCA Class.

### COUNT I – FLSA
**(Failure to Pay Overtime Wages)**

11

87.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 70 as paragraph 87 of this Count I.

88.     Plaintiff, individually and on behalf of the collective described in paragraph 61, asserts claims for unpaid overtime pursuant to the FLSA.

89.     At all times relevant hereto, Defendant was an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

90.     At all times relevant hereto, Defendant was an "employer" of Plaintiff and the members of the collective described in paragraph 61 within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

91.     At all times relevant hereto, Plaintiff and the members of the collective described in paragraph 61 were "employees" of Defendant as defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

92.     Plaintiff and the members of the collective described in paragraph 61 were not paid for all time worked in excess of 40 hours in a week during the applicable statutory time period, in violation of the maximum hours provisions of the FLSA, 29 U.S.C. § 207.

93.     At all times relevant hereto, Defendant's failure to pay Plaintiff and the members of the collective described in paragraph 61 premium pay for all time worked over 40 hours in a week was willful in that, among other things:

    a.  Defendant knew that the FLSA required it to pay employees time and one-half for all time worked over 40 hours in a week;

    b.  Defendant failed to maintain true and accurate time records;

    c.  Defendant knew that the Rounding Policy improperly rounded its hourly employees time for purposes of calculating wages owed to the advantage of Carle and to the detriment of its employees; and Defendant never performed an audit or otherwise investigated whether the Rounding Policy was neutral.

94.     As a direct and proximate result thereof, Plaintiff and the members of the collective described in paragraph 61 are due unpaid back wages and liquidated damages, pursuant to 29 U.S.C. § 216.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, by and through her attorneys, demands judgment against Defendant and in favor of Plaintiff and all others similarly situated in a sum that will properly, adequately and completely compensate them for the nature, extent and duration of their damages, the costs of this action and as follows:

    a.   Declare and find that the Defendant committed one or more of the following acts:

        i.   Violated provisions of the FLSA for Plaintiff and all persons who opt-in as an opt-in Plaintiff; and

        ii.   Willfully violated provisions of the FLSA for Plaintiff and all persons who opt-in as an opt-in Plaintiff.

    b.   Award compensatory damages, including all wages and overtime pay owed, in an amount according to proof;

    c.   Award liquidated damages on all wages and overtime compensation due to Plaintiff and all persons who opt-in as an opt-in Plaintiff;

    d.   Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

    e.   Grant leave to amend to add claims under applicable state and federal laws to conform with the proofs at trial;

    f.   Grant leave to add additional Plaintiffs by motion or any other method approved by the Court to conform with the proofs at trial; and

    g.   Grant such further relief as the Court deems just and equitable.

### COUNT II – ILLINOIS MINIMUM WAGE LAW
#### (Failure to Pay Earned Overtime Wages)

95.     Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 59 and 71 through 86 as paragraph 95 of this Count II, as if fully set forth herein.

96.     This Court has supplemental jurisdiction over the matters alleged herein pursuant

to 28 U.S.C. § 1367.

97.    The matters set forth in this Count II arise from Defendant's violation of the overtime compensation provisions of the Illinois Minimum Wage Law, 820 ILCS § 105/4a. Plaintiff brings this action on her own behalf and on behalf of the members of the IMWL Class pursuant to 820 ILCS § 105/12(a).

98.    Defendant employed Plaintiff and other similarly situated hourly workers as "employees," as the term "employee" is defined Section 3(d) of the IMWL, 820 ILCS § 105/3(d).

99.    At all relevant times, Defendant was an "employer" of Plaintiff and other similarly situated hourly workers, as the term "employer" is defined by Section 3(c) of the IMWL, 820 ILCS § 105/3(c).

100.    Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff and the members of the IMWL Class worked in excess of forty (40) hours, Plaintiff and members of the IMWL Class were entitled to be compensated at one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

101.    Defendant did not pay Plaintiff and members of the IMWL Class one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

102.    Defendant violated the IMWL by refusing to compensate Plaintiff and the members of the IMWL Class at one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

103.    Pursuant to 820 ILCS § 105/12(a), Plaintiff and the members of the IMWL Class are entitled to recover treble damages and statutory penalties in the amount of five percent (5%) per month of the amount of underpayments.

WHEREFORE, Plaintiff and the members of the IMWL Class pray for a judgment against

Defendant as follows:

    a.   That the Court determine that this action may be maintained as a class action.

    b.   A judgment in the amount of one and one-half times Plaintiff's and each other member of the IMWL Class's regular rate for all time they worked in excess of forty (40) hours per week, trebled;

    c.   Statutory damages pursuant to the formula set forth in 820 ILCS § 105/12(a);

    d.   Reasonable attorneys' fees and costs incurred in filing this action; and

    e.   Such other and further relief as this Court deems appropriate and just.

<u>COUNT III – ILLINOIS WAGE PAYMENT AND COLLECTION ACT</u>
**(Failure to Pay the Agreed Upon Rate For Work Assented to by Defendant)**

104.    Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 59 and 71 through 86 as paragraph 104 of this Count III as if fully set forth herein.

105.    Plaintiff, individually and on behalf of all others similarly situated, brings this Count III to recover from Defendant unpaid wages, overtime compensation, statutory penalties, attorneys' fees, and costs, pursuant to Section 14(a) of the Illinois Wage Payment and Collection Act, 820 ILCS § 115/14(a).

106.    At all times relevant, and at Defendant's request, Plaintiff and the members of the putative IWPCA Class performed work for Defendant.

107.    As set forth *supra*, Defendant assented to pay Plaintiff and the members of the putative IWPCA Class at an agreed-upon hourly rate at or in excess of the applicable Illinois Minimum Wage Law hourly rate, for all work Defendant permitted and/or required.

108.    As set forth *supra*, Defendant assented to the hourly employees performing the work described above by, among other means, Defendant's knowledge and awareness of the pre- and post-shift work described herein.

109.    Defendant regularly observed, without objection or negative comment, the record

and documentation of having Plaintiff and the members of the putative IWPCA Class perform work prior to the start of their scheduled shift time, and after the end of their scheduled shift time.

110.     During their employment with Defendant, Plaintiff and similarly situated Illinois employees had an agreement with Defendant within the meaning of the IWPCA to be compensated for all time worked at the rates agreed to by the parties.  Defendant did not pay Plaintiff or similarly situated Illinois employees for all hours worked at the rates agreed to by the parties as described herein.

111.     Plaintiff and the putative IWPCA Class members were entitled to be paid for all time worked at the rate agreed to by the parties.

112.     When Defendant hired Plaintiff and the members of the putative IWPCA Class and advised them of the specific hourly rate they would be paid, Defendant did not inform Plaintiff and the members of the putative class that they would not be paid for all the work Defendant required and/or permitted.

113.     Defendant has failed to pay Plaintiff and the members of the putative IWCPA Class the full amount due for all time worked on their regularly scheduled paydays, including but not limited to their final compensation, because Defendant did not pay them for the work described herein, in violation of the IWPCA, 820 ILCS § 115/4.

114.     Defendant has failed to pay Plaintiff and the putative IWPCA Class the full amount for all hours worked because of the improper practices described herein.

115.     Illinois Statutes 820 ILCS §§115/1 *et seq*. defines wages as "any compensation owed to an employee by an employer pursuant to an employment contract or agreement between the two parties…".

116.     Under the IWPCA, payment to separated employees is termed "final

compensation" and is defined as "wages, salaries, earned commissions, earned bonuses…and any other compensation owed the employee by the employer pursuant to any employment contract or agreement between the two parties."  820 ILCS § 115/2.

117.     Illinois Statutes 820 ILCS §115/4 requires employers to pay employees all wages earned by an employee during a semi-monthly or bi-weekly pay period no later than 13 days after the end of the pay period in which such wages were earned.  Illinois Statutes 820 ILCS §115/5 provides that "every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly schedule payday for such employee."

118.     Defendant violated Illinois Statutes 820 ILCS §§115/1 *et seq.* by regularly and repeatedly failing to properly compensate Plaintiff and the putative IWPCA Class members for the actual time they worked each week within 13 days of the date such compensation was earned and by failing to properly compensate Plaintiff and the putative IWPCA Class members their rightful wages by the next scheduled payday after their separation.

119.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the putative IWPCA class have suffered and will continue to suffer lost wages and other damages.

WHEREFORE, Plaintiff and the members of the IWPCA Class pray for a judgment against Defendant as follows:

    a.   That the Court determine that this Count III may be maintained as a class action;

    b.   A judgment in the amount of all back wages due, as provided by the Illinois Wage Payment and Collection Act;

    c.   Statutory damages pursuant to the formula set forth in 820 ILCS § 115/14(a);

    d.   Reasonable attorneys' fees and costs incurred in filing this action; and

      e.   Such other and further relief as this Court deems appropriate and just.

Dated:  May 25, 2023           Respectfully submitted,

                                      /s/ Thomas M. Ryan
                                      One of Plaintiff's attorneys
                                      ARDC No. 6273422

James X. Bormes                   Thomas M. Ryan
Catherine P. Sons                Law Office of Thomas M. Ryan, P.C.
Law Office of James X. Bormes, P.C.   35 East Wacker Drive
8 South Michigan Avenue          Suite 650
Suite 2600                      Chicago, Illinois 60601
Chicago, Illinois 60603          312-726-3400
312-201-0575

# **EXHIBIT 1**



Pierro v. The Carle Foundation Hospital
United States District Court, Central District of Illinois

### CONSENT TO BECOME PARTY PLAINTIFF

By signing below, I state that I have been employed by The Carle Foundation Hospital or one of its subsidiaries or affiliates within the past three (3) years and that I hereby consent to join this lawsuit seeking unpaid wages and overtime based on Carle Foundation Hospital's violations of the Fair Labor Standards Act, 29 U.S.C. Sec. 201 *et. seq.*

I hereby designate Law Office of Thomas M. Ryan, P.C. and Law Office of James X. Bormes, P.C. and other attorneys with whom they may associate to represent me for all purposes of this action.

_5/13/2023_
Date

_Jacqueline Pierro_
Signature

_Jacqueline Pierro_
Print Name